UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Remona Williams, <br><br> Plaintiff, <br><br> v. <br><br> Dynia & Associates, LLC <br> dba Budzik & Dynia, LLC <br> c/o Alfred S. Dynia <br> 4849 N. Milwaukee Avenue, Suite 801 <br> Chicago, IL 60630 <br><br> Defendant. | Case No. <br><br><br> **COMPLAINT** <br><br><br> **Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Illinois.

4- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

5- Defendant is a corporation with its principal place of business in the State of Illinois.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## **FACTS COMMON TO ALL COUNTS**

9- On or around September 11, 2012, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

10- On or around January 3, 2013, Defendant sent Plaintiff a letter to collect the Debt.

11- At the time of this letter, Defendant knew, or should have known, that Plaintiff was in an active bankruptcy proceeding.

12- In this letter, Defendant threatened to file a lawsuit for the Debt if Plaintiff did not contact Defendant within 5 days of the letter.

13- Defendant's threat overshadowed Plaintiff's right to dispute the Debt within 30-days, as provided by 15 U.S.C. §1692g(b).

14- Defendant's attempt to collect a debt that is part of Plaintiff's bankruptcy violates the FDCPA. *See Ross v. RJM Acquisitions Funding, LLC,* 480 F.3d 493 (7th Cir. 2007).

15- Defendant damaged Plaintiff.

16- Defendant violated the FDCPA.

## **COUNT I**

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e(2) by sending Plaintiff a collection letter that sought to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy, thereby misrepresenting the legal status of the debt

## **COUNT II**

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692e(10) by falsely representing to Plaintiff that it could collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## COUNT III

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692g(b) by overshadowing Plaintiff's right to dispute within 30 days of the initial communication.

## COUNT IV

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692f by unfairly and unconscionably trying to collect a debt that Defendant knew, or should have known, was included in Plaintiff's bankruptcy.

## JURY DEMAND

25- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d.  Any other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
Richard@meierllc.com
*Attorney for Plaintiff*